# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE THOMAS, | CASE NO. 1:06-cv-00104-LJO-WMW PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 1) |
| Defendants. | |

**I.   Screening Requirement**

Plaintiff Edward Lee Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

### A.    Summary of Complaint

Plaintiff is incarcerated at the California Department of Corrections in Avenal, California. Plaintiff's complaint alleges that defendants were deliberately indifferent to his medical needs and acted deliberately indifferent to serious threats to Plaintiff's safety in violation of the Eighth Amendment of the United States Constitution. Plaintiff names the California Department of Corrections, R. Pimentel, J. Pappenfus, and Dorothy Johnson as defendants.

Plaintiff's factual allegations regarding how defendants' actions put Plaintiff's life in danger are not entirely clear. Plaintiff's complaint is handwritten and contains a number of grammatical errors, and, despite its best effort, the Court has difficulty comprehending the basis for Plaintiff's claims. Plaintiff appears to allege that Defendant R. Pimentel, CCRS of Records in Avenal State Prison, falsified documents stating that day-for-day credits were denied to Plaintiff and others based upon a memorandum to Plaintiff that carried other inmates' log numbers on four different appeals levels. Plaintiff alleges that this action placed Plaintiff's life in jeopardy against the other inmates whose name and log numbers appeared on Plaintiff's memorandum.  attendance attentence

Plaintiff's complaint alleges a second claim for deliberate indifference to his medical needs. Plaintiff alleges that he was seen by Dr. Smith (not named as a defendant) for symptoms in his right leg. Plaintiff was experiencing severe pain in his leg. An x-ray of Plaintiff's leg was taken and no problems were detected. No further diagnosis or treatment was given by doctors. Plaintiff's alleges that if his leg is not properly treated, it may require amputation.

**B.     Claim for Deliberate Indifference to Threats to Plaintiff's Safety**

Plaintiff appears to allege that defendants' actions placed Plaintiff in danger of physical abuse from other inmates. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). "To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety." See Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff's complaint states that his claim for deliberate indifference to threats to his safety stems from "false placement of another prison inmate file of charges on memorandum, which could cause great bodily harm to be inflected [sic] upon Plaintiff character of being responsible for such breach of security by staff members oversite [sic] of wrongful summary of crimes committed." (Compl. 5). Plaintiff's complaint also states that Defendant Pimentel "falsified documents stating that [plaintiff's] credits of day-for-day was denied him and others based upon a memorandum to [plaintiff] that carried other inmates log numbers on four different appeal levels of interviews all belong to one inmate's response." (Compl. 5).

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). It is not clear from the Court's reading of Plaintiff's complaint how defendants acted with deliberate indifference, nor how defendants' actions placed Plaintiff in an unsafe situation. Therefore, Plaintiff fails to state a claim for deliberate indifference to threats to his safety because he fails to state the elements of his claim plainly and succinctly

**C.     Claim for Deliberate Indifference to Plaintiff's Medical Needs**

Plaintiff's allegations regarding his medical treatment do not support a claim for deliberate indifference to a serious medical problem in violation the Eighth Amendment. Although "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983", Estelle v. Gamble, 429 U.S. 97, 105 (1976), "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon,

3

662 F.2d 1337, 1344 (9th Cir. 1981) (citing Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970)). Plaintiff claims that prison doctors failed to properly diagnose the problem in his leg. However, Plaintiff's complaint does not allege that the incorrect diagnosis was the product of defendants' deliberate indifference, as required to state a claim for violation of the Eighth Amendment.

### D. Medical Malpractice/Negligence Claim

Plaintiff's disagreement with his medical diagnosis is not sufficient to support a claim for medical malpractice. "To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13, 1995) (citing to Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B. E. Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392-93 (9th Cir. 1988) (internal citations omitted).

Plaintiff's complaint fails to establish all the necessary elements of a cognizable medical malpractice claim. Plaintiff's complaint makes no reference to any actions or omissions by Defendant Pappenfus or any other named defendants regarding his medical care. Plaintiff only concludes that defendants failed to properly treat Plaintiff but provides no factual allegations to support that conclusion other than his own disagreement with his diagnosis. Further, Plaintiff fails to allege any injury resulting from Defendants' breach of a duty owed to Plaintiff nor any damage to Plaintiff. Therefore, Plaintiff's complaint fails to state a cognizable claim for medical malpractice.

### E. Claim Against the California Department of Corrections

Plaintiff names the California Department of Corrections as a defendant. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939

F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections is a state agency, it is entitled to Eleventh Amendment immunity from suit.

### F.    Failure to Comply with Rule 18(a)

Plaintiff's medical claim and safety claim appear to be entirely unrelated. Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." However, unrelated claims against different defendants belong in different suits. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Allowing plaintiff to file unrelated claims in a single action would allow Plaintiff to avoid paying the required filing fees and preempt the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

Plaintiff's medical claim involves Defendant Pappenfus while Plaintiff's deliberate indifference to Plaintiff's safety claim involves Defendants Pimentel and Johnson. Although theoretically both claims involve the California Department of Corrections as a defendant, they are immune from suit under Eleventh Amendment. See supra Part II.E. The two claims do not appear to arise out of the same incident so must be brought in two separate actions. Therefore, Plaintiff's complaint is dismissed for failure to comply with FRCP18(a).

## III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George,

5

507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

///

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    **January 12, 2009**            /s/  **William M. Wunderlich**
                                                      UNITED STATES MAGISTRATE JUDGE