# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE THOMAS, | CASE NO. 1:06-cv-00104-LJO-WMW PC |
| Plaintiff, | ORDER VACATING PREVIOUS SCREENING ORDER AND DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | (Doc. 8) |

Plaintiff Edward Lee Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and currently incarcerated at Avenal State Prison in Avenal, California ("Avenal"). Plaintiff is bringing suit under section 1983 for the deprivation of his rights under the Eighth Amendment of the U.S. Constitution. Plaintiff names Doctor Salazar, Doctor Kushner, Doctor Ortiz, Doctor Cain, Doctor Smith, and Registered Nurse Morris as defendants.

## I.      Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Background

### A. Procedural Background

Plaintiff filed the original complaint in this action on November 29, 2005 in the Central District of California. The case was transferred to this court on February 1, 2006. (Doc. #1.) Plaintiff requested leave to amend his complaint on April 26, 2006. (Doc. #6.) Plaintiff's First Amended Complaint was filed on July 13, 2006. (Doc. #8.) This court issued a screening order dismissing Plaintiff's complaint for failure to state a claim on January 12, 2009. (Doc. #12.) On February 11, 2009, Plaintiff filed an opposition to the court's January 12 order, expressing confusion because the screening order did not appear to address Plaintiff's first amended complaint. (Doc. #13.) On review, it appears the court erroneously based the January 12 screening order on Plaintiff's original complaint, and not on Plaintiff's first amended complaint as it should have. Therefore, the court VACATES its January 12, 2009 screening order and replaces it with this one.

### B. Factual Background

On January 15, 2004, Plaintiff saw Defendant Doctor Salazar and informed him that he was experiencing pain in his hip and right leg. Defendant Salazar prescribed Motrin for Plaintiff's pain

1   and told him to come back if he continued to feel pain.  Plaintiff continued to report to Defendant

2   Salazar that he was still in pain, but Defendant Salazar did not provide further treatment and only

3   felt Plaintiff's leg and hip to examine it.

4          On September 11, 2004, Plaintiff saw Defendant Doctor Kushner and informed him that his

5   hip and right leg was still in pain.  Defendant Kushner prescribed Motrin and also told Plaintiff to

6   come back if he continued to feel pain.  Plaintiff continued to report his pain to Defendant Kushner

7   but Defendant Kushner did not provide additional treatment and only felt Plaintiff's leg and hip to

8   examine it.

9          On December 11, 2004, Plaintiff saw Defendant Doctor Ortiz and informed him that his hip

10  and right leg was still in pain.  Plaintiff requested an x-ray or MRI.  Defendant Ortiz told Plaintiff

11  that an x-ray would not be medically useful and told Plaintiff to sign up again for medical line if his

12  problems persisted.

13         One May 16, 2005, Plaintiff saw Defendant Registered Nurse Morris and informed him that

14  his right leg and right hip was in pain and that his right hand was swelling.  Plaintiff stated that his

15  condition was an emergency because Plaintiff could barely walk or use his right hand.  Defendant

16  Morris told Plaintiff to put in a request form but Plaintiff told Defendant Morris that he had already

17  put in numerous request forms to no avail.  Defendant Morris told Plaintiff that this was not an

18  emergency and there was nothing else that he could do for Plaintiff.

19         On May 27, 2005, Plaintiff saw Defendant Doctor Cain and informed him that his hip and

20  right leg was still in pain.  Plaintiff requested an x-ray or MRI but Defendant Cain informed Plaintiff

21  that an MRI would not be medically useful.  Plaintiff was given an x-ray but did not see the results.

22         On June 3, 2005, Plaintiff saw Defendant Doctor Smith and informed him that the pain in

23  his hip and right leg persisted, and that his right hand was swelling.  Defendant Smith informed

24  Plaintiff that an x-ray would not be medically useful.

25  **III.    Discussion**

26         **A.    Eight Amendment Claim - Medical Treatment**

27         Plaintiff alleges that defendants' actions violated the Cruel and Unusual Punishments Clause

28  of the Eighth Amendment.  The Eighth Amendment prohibits the imposition of cruel and unusual

3

1  punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity

2  and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d

3  571, 579 (8th Cir. 1968)).  A prison official violates the Eighth Amendment only when two

4  requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious",

5  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991),

6  and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind",

7  Id. (quoting Wilson, 501 U.S. at 298).  The objective requirement that the deprivation be

8  "sufficiently serious" is met where the prison official's act or omission results in the denial of "the

9  minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347

10  (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of

11  mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.

12  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when

13  he/she "knows of and disregards an excessive risk to inmate health or safety".  Id. at 837.  "[T]he

14  official must both be aware of facts from which the inference could be drawn that a substantial risk

15  of serious harm exists, and he must also draw the inference." Id.

16  Plaintiff alleges that defendants' failed to properly treat his injuries in violation of the Eighth

17  Amendment.  "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of

18  action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976).  "A 'serious' medical need exists

19  if the failure to treat a prisoner's condition could result in further significant injury or the

20  'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

21  1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)

22  (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference.

23  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th

24  Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122,

25  1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin,

26  974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

27  Plaintiff alleges that defendants should have provided more extensive treatment to Plaintiff

28  than merely prescribing Motrin and should have done more to examine Plaintiff, such as by

1   providing an MRI. At most, Plaintiff's complaint alleges that defendants were negligent. "[A]

2   complaint that a physician has been negligent in diagnosing or treating a medical condition does not

3   state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does

4   not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,

5   429 U.S. 97, 106 (1976). In order for defendants' conduct to rise to the level of a constitutional

6   violation, defendants must possess a more culpable state of mind than that required for negligence -

7   they must have been deliberately indifferent. In order to state a constitutional violation, Plaintiff

8   must allege that defendants consciously disregarded a serious risk of harm. Toguchi v. Chung, 391

9   F.3d 1051, 1060 (9th Cir. 2004). Plaintiff has not alleged that defendants consciously disregarded

10  a serious risk of harm. Defendants made an effort to diagnose and treat Plaintiff, but Plaintiff

11  continued to experience pain in his leg and hip. Although defendants' diagnosis and treatment may

12  have been negligent, they have not exhibited a deliberately indifferent state of mind required to

13  establish a constitutional violation. Therefore, Plaintiff fails to state a claim for denial of medical

14  treatment in violation of the Eighth Amendment.

15  **IV.    Conclusion and Order**

16      The court's January 12, 2009 screening order erroneously screened the original complaint

17  in this action instead of the first amended complaint. That screening order should be vacated.

18      The court has screened Plaintiff's first amended complaint and finds that it does not state any

19  claims upon which relief may be granted under section 1983. The court will provide Plaintiff with

20  the opportunity to file an amended complaint curing the deficiencies identified by the court in this

21  order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may

22  not add unrelated claims involving different defendants in his amended complaint. George v. Smith,

23  507 F.3d 605, 607 (7th Cir. 2007).

24      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

25  defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick

26  v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual

27  allegations must be [sufficient] to raise a right to relief above the speculative level". Bell Atlantic

28  Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (citations omitted).

1    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

2  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

3  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

4  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

5  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

6  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

7  1474.  In other words, even the claims that were properly stated in the original complaint must be

8  completely stated again in the amended complaint.

9        Accordingly, based on the foregoing, it is HEREBY ORDERED that:

10       1.    The court's January 12, 2009 screening order is VACATED;

11       2.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

12       3.    The Clerk's Office shall send Plaintiff a complaint form;

13       4.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

14             amended complaint;

15       5.    Plaintiff may not add any new, unrelated claims to this action via his amended

16             complaint and any attempt to do so will result in an order striking the amended

17             complaint; and

18       6.    If Plaintiff fails to file an amended complaint, the Court will recommend that this

19             action be dismissed, with prejudice, for failure to state a claim.

20  IT IS SO ORDERED.

21  **Dated:    March 16, 2009**              _____/s/  **William M. Wunderlich**_____
                                             UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28