# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:06-cv-00104-LJO-WMW PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF PLAINTIFF'S COMPLAINT<br><br>(Doc. 17) |

**Findings and Recommendations Following Screening of Complaint**

Plaintiff Edward Lee Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Avenal State Prison in Avenal, California ("ASP"). Plaintiff is suing under section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names Salazar (doctor), Kushner (doctor), Ortiz (doctor), Cain (doctor), Smith (doctor) and Morris (registered nurse) as defendants. For the reasons set forth below, the court recommends that Plaintiff's complaint be dismissed.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.**   **Background**

    **A.**   **Procedural Background**

This action was transferred to this court from the District Court for the Central District of California on February 1, 2006. (Doc. #1.) Plaintiff filed a motion to amend his complaint on April 27, 2006. (Doc. #4.) Plaintiff's motion was granted on June 21, 2006 and Plaintiff filed his First Amended Complaint on July 13, 2006. (Doc. #7, 8.) The court issued a screening order on January 12, 2009 dismissing Plaintiff's complaint for failure to state a claim, with leave to file an amended complaint. (Doc. #12.) Plaintiff filed a response on February 11, 2009. (Doc. #13.) Plaintiff correctly pointed out that the court had erroneously screened the original complaint, rather than the First Amended Complaint in its January 12, 2009 screening order. The court vacated its prior screening order and screened Plaintiff's First Amended Complaint on March 16, 2009. (Doc. #14.) The court found that Plaintiff's First Amended Complaint did not state any cognizable claims and gave Plaintiff the opportunity to amend his claim. Plaintiff filed his Second Amended Complaint on April 20, 2009. (Doc. #17.) This action proceeds on Plaintiff's Second Amended Complaint.

**B. Factual Background**

Plaintiff alleges that the medical treatment he received while at ASP was so deficient that it amounted to cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution. On January 15, 2004, Plaintiff was seen by Defendant Salazar. Plaintiff complained about pain in his hip and right leg. Defendant Salazar prescribed Motrin for Plaintiff and told Plaintiff to come back if the pain persisted. Plaintiff returned complaining that he was still in pain. Defendant Salazar felt Plaintiff's leg and hip but took no further action.

On September 11, 2004, Plaintiff was seen by Defendant Kushner. Plaintiff complained that he continued to experience pain in his hip and right leg. Defendant Kushner prescribed Motrin for Plaintiff and told Plaintiff to return if the pain persisted. Plaintiff returned and continued to complain about the pain. Defendant Kushner felt Plaintiff's hip and leg but took no further action.

On December 11, 2004, Plaintiff was seen by Defendant Ortiz. Plaintiff complained that he continued to experience pain in his right leg and hip. Plaintiff specifically requested an x-ray or MRI. Defendant Ortiz told Plaintiff that an x-ray or MRI would not be medically useful. Defendant Ortiz advised Plaintiff to sign up for med line again if the problem has not been resolved.

On May 27, 2005, Plaintiff was seen by Defendant Cain. Plaintiff complained that he continued to experience pain in his right leg and hip. Plaintiff again requested an x-ray or MRI. Defendant Cain told Plaintiff that an MRI would not be medically useful. Plaintiff was given an x-ray. Plaintiff was not informed of the results of the x-ray and the pain persisted.

On June 3, 2005, Plaintiff was seen by Defendant Smith. Plaintiff complained about the pain in his right leg and hip. Plaintiff also complained about pain and swelling in his right hand. Defendant Smith informed Plaintiff that there was nothing he could do and that an x-ray would not be medically useful.

On May 16, 2005, Plaintiff was seen by Defendant Morris. Plaintiff complained about the pain in his right leg and hip as well as the pain and swelling in his right hand. Plaintiff complained that it was an emergency because he could barely walk or use his right hand. Defendant Morris told Plaintiff to put in a medical request form. Plaintiff told Defendant Morris that he had put in

///

numerous medical requests and the problem was not getting solved. Defendant Morris replied by saying that Plaintiff's condition was not an emergency and there was nothing she could do.

**III.     Discussion**

Plaintiff alleges that the medical attention that he received was so deficient that it violated the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett

4

v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff's allegations do not support the conclusion that Defendants acted with deliberate indifference. Plaintiff repeatedly alleges that Defendants "consciously disregarded a serious risk of harm". While Plaintiff is not obligated to provide detailed factual allegations in his complaint, he is obligated to provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The court dismissed Plaintiff's First Amended Complaint because Plaintiff failed to allege that Defendants "consciously disregarded a serious risk of harm". Plaintiff apparently seeks to cure the deficiencies of his First Amended Complaint by filing a nearly identical Second Amended Complaint with the bare conclusion that each defendant "consciously disregarded a serious risk of harm" scattered generously throughout the complaint without alleging facts that support that conclusion. It is not clear what the "serious risk of harm" was that Defendants "consciously disregarded". Plaintiff's factual allegations in fact suggest that Defendants were entirely cognizant of Plaintiff's pain and prescribed pain medication to alleviate Plaintiff's pain. Plaintiff's factual allegations suggest that Defendants made a good-faith effort to diagnose Plaintiff. Plaintiff's allegations that doctors "never examined [his] leg and hip", (Compl. ¶ 11, 12), conflict with Plaintiff's earlier allegations that "Doctor Salazar felt Plaintiff's leg and hip", and "Doctor Kushner also felt my right hip and leg", (Compl. ¶ 11, 12.)

Plaintiff apparently takes issue with Defendants' conclusion that Plaintiff's pain was un-treatable and that taking x-rays or MRIs would not be medically useful. It is not clear why Plaintiff

5

requested x-rays or MRIs, or what Plaintiff expected the x-rays or MRI to discover. Plaintiff was eventually given an x-ray, but the results of the x-ray are unknown. Plaintiff alleges that he was not given the results but it is not clear whether the results were withheld from Plaintiff deliberately or because the x-ray was not diagnostically noteworthy.

At best, Plaintiff alleges that Defendants mis-diagnosed Plaintiff's condition. Nothing in Plaintiff's complaint suggests that the mis-diagnosis was done deliberately, or that Defendants were aware of a serious risk to Plaintiff and disregarded that risk. Thus, Plaintiff's allegations at most describe negligent behavior on the part of Defendants - though it is worth noting that it is not entirely clear that Defendants' conclusion that Plaintiff's pain was un-treatable was wrong. Medical negligence does not violate the Eighth Amendment. Estelle, 429 U.S. at 106. Plaintiff's factual allegations do not support his conclusion that Defendants "consciously disregarded a serious risk of harm". Plaintiff fails to state a cognizable claim against Defendants for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Plaintiff was informed of the same deficiencies in his complaint in the previous screening order that screened his First Amended Complaint. As such, the court finds that Plaintiff's claims are not capable of being cured by amendment. The court recommends dismissal of this action.

**IV.     Conclusion and Recommendation**

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff contends that his treatment by medical doctors was unconstitutional. Plaintiff disagrees with Defendants' medical diagnosis that Plaintiff's pain in his hip and right leg was un-treatable and contends that Defendants should have given him an MRI. Plaintiff fails to allege that Defendants' diagnosis was a product of their deliberate indifference and therefore fails to state a claim under the Eighth Amendment. The court informed Plaintiff of the deficiencies of his claim in its prior March 16, 2009 screening order and Plaintiff's amended complaint failed to cure the deficiencies. Because the court finds that these deficiencies are not capable of being cured by further amendment, the court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: May 6, 2009**  /s/ William M. Wunderlich
UNITED STATES MAGISTRATE JUDGE